IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MONICA CISNEROS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:17-CV-593-RP |
| UTC PROVIDERS-AUSTIN, INC., d/b/a UTC HEALTH & REHAB-AUSTIN, | § § § § | |
| Defendant. | § § § | |

## **ORDER**

Before the Court is Plaintiff Monica Cisneros's ("Cisneros") Motion for Default Judgment and for Award of Damages, Attorney's Fees, and Costs. (Dkt. 45). The motion provides the procedural history of this case and argument for the damages, costs, and fees Cisneros wishes to recover. (*See id.*) The motion does not, however, contain any briefing on the propriety of a default judgment.

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a) & (b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In considering a motion for default judgment, the Court must determine: (1) whether default judgment is procedurally warranted, (2) whether Cisneros's complaint sets forth facts sufficient to

1

establish that she is entitled to relief, and (3) what form of relief, if any, Cisneros should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (same). That inquiry entails (1) an assessment of the six *Lindsey* factors,[1] (2) a determination that Cisneros's complaint satisfies the requirements of Federal Rule of Civil Procedure 8,[2] and (3) a determination that Cisneros is entitled to the specific relief she seeks.[3] Cisneros has only briefed the last of these three requirements. The Court therefore finds that Cisneros has failed to demonstrate that she is entitled to the "drastic remedy" of a default judgment.

Accordingly, **IT IS ORDERED** that Cisneros's motion for default judgment, (Dkt. 45), is **DENIED**. Cisneros may resubmit a motion for default judgment on or before **April 1, 2019**.

**SIGNED** on March 18, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).
[2] *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).
[3] *See* Fed. R. Civ. P. 54(c); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).